# THE CULVER CONSTRUCTION CO.

## v.

## STATE OF ILLINOIS.

*Opinion filed November 19, 1914.*

1. STATUTE OF LIMITATIONS—*unliquidated claims—when filed.* Unliquidated claims must be filed within two years from the date the cause of action accrues.

2. SAME—*Act of 1847 not repealed.* The limitation Act of 1847 has not been repealed.

3. LIQUIDATED CLAIM—*defined* (*Clark* v. *Dutton,* 69 Ill., 521, 523.)

James H. Matheny, for Claimant:

This statute—the Limitation Act of 1847—has a curious history. The latest and best compilations and editions of the statutes of Illinois do not appear to regard it as in force.

This Act is not in the official revision of 1874.
    R. S. Ill. 1874, chap. 83, pages 673-676.

It is not in the compilation by Starr & Curtiss.
        II Starr & Curtiss Statutes, 2d Edition, chap. 83, pages 2588 to 2645.

It is not in the very late and elaborate edition of the "Illinois Statutes Annotated" by Jones & Addington, so far as the volumes have been issued.
        See Vol. iv., chap. 83, Title "Limitations."

This Act is not in Gross' Compilation of 1869.
        Gross' Statutes 1869, chap. 66.

It is not in the edition compiled by Gross of the statutes as revised in 1872, 1873, and 1874, chap. 66.
        Statutes of Illinois, Gross 1871-2, page 256-259; Statutes of Illinois, Gross 1872-3, page 270.

In the compilation of the statutes edited by Hurd and published by the Chicago Legal News Company, this Act was omitted in the several editions up to and including that of 1899. It appears in that of 1903 and subsequent issues. We have not had access to Hurd's edition of 1901. Its application should not be extended by construction.

Liquidated claim defined.   *Trickle* v. *State,* 1 Court of Claims Rep., 103, 104; *Cooper* v. *Coates,* 21 Wall., 105.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assistant Attorney General, for State:

"Any person having unliquidated claims against the State, who do not prove the same up, and file them as above, shall not be entitled to have them considered after that date; and hereafter all unliquidated claims against the State shall be proved up and filed as above, within two years from the time such claim may have arisen; and any claim not presented and proved up as above, and filed, shall be forever barred from payment by the State."

Hurd's Stat. 1912, p. 1496, chap. 83, par. 31.

"Actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued."

Hurd's Stat. 1912, p. 1494, chap. 83, par. 15.

What Constitutes a Liquidated Claim—*Clark* v. *Dutton,* 69 Ill., 521, 523; 8 Words and Phrases, 7195.

The limitation law of 1847 with reference to claims against the State has not been repealed and is now in full force and effect.

*Fairbanks* v. *State,* 1 Ct. Cl. Rep., 1; *Schultz* v. *State,* 1 id., 19, 20; *Stilt* v. *State,* 1 id., 25; *Barton* v. *State,* 1 id., 27; *Turkington* v. *State,* 1 id., 113; *Hitt* v. *State,* 1 id., 182, 184; *Palmer* v. *State,* 1 id., 343, 345; *Reeves* v. *State,* 1 id., 346, 361, 362; *Crissey* v. *State,* 1 id., 365, 368.

Hurd's Revised Statutes 1912, pp. 2269-2271, contains the Acts of the legislature of 1847 which are repealed in the revision of 1874. The limitation Act with reference to the Court of Claims is not included in this list.

The general statutes of limitation all refer to commencing actions at law or suits in equity, while the Act of 1847 is neither an action or suit, but is with reference to bringing claims against the State.

Hurd's Stat. 1912, p. 1492, 1496, chap. 83.

The claimant in this case has filed a claim against the State to recover seven hundred twenty-five and sixty-eight hundredths ($725.68) dollars, for labor and material furnished the State in connection with certain

repairs made on the Lincoln Monument at Springfield, Illinois, during the months of October and November, A. D. 1904.

No written contract of any kind between claimant and the State is in evidence, although it appears from the records of the Lincoln Monument Commission, under date of April 22, 1903, that James S. Culver, deceased, at that time the president of the claimant company, was, together with Architect S. A. Bullard and Major Johnson, requested to recommend a plan to prevent leakage in Memorial Hall.

It is not disputed, that the repairs were needed nor is it questioned, that the services and material were furnished by claimant in a proper manner. In fact, it does appear from the evidence, that the claimant proceeded with the work with the knowledge and approval of the various members of the Lincoln Monument Commission.

After finishing the work, claimant, on November 26, 1904, notified the secretary of the commission that the work was completed and enclosed its bill for same.

On April 16, 1907, claimant addressed a further letter to the secretary of the commission, in which it enclosed copies of bills and vouchers in connection with the work, for which it now seeks to be remunerated, and at a meeting of said commission, which was held at the office of the Governor of Illinois, on the 4th day of August, 1907, it was decided to advise the claimant company to prepare a bill covering the amount due it, and submit the same to the legislature, and that the trustees of said commission would aid in securing its passage.

Not having received a settlement for the work, claimant filed its claim in this Court, and we are asked to make an award in its favor for the amount herein above set forth.

It is contended by the State, that while this may be a meritorious claim, and that claimant should be compensated, yet under the Statute of Limitations, relative to

claims of this kind, claimant is debarred from recovering an award in this Court; and in support of their contention cite (Hurd's 1912 Revised Statute, chap. 83, par. 31), which is as follows:

"Any person having unliquidated claims against the State, who do not prove the same up and file them as above, shall not be entitled to have them considered after that date; and hereafter all unliquidated claims against the State shall be proved up and filed as above, within two years from the time such claim may have arisen; and any claim not presented and proved up as above and filed shall be forever barred from payment by the State."

It is also urged by the State, that claimant is also barred from recovery by the five (5) year limitation statute, relative to actions on unwritten contracts, etc., (Hurd's Statute, 1912, page 1494, chapter 83, paragraph 15), on account of the fact that it did not file its claim in this Court until February, 1912, which was more than five years after the completion of the work.

We have given careful consideration to claimant's contention, that this is a liquidated claim and that the Statute of Limitations first above referred to, does not apply, because it has reference to, and is intended only to cover cases of unliquidated claims. While we are of the opinion, that claimant rendered valuable services to the State, for which it should be compensated, we are forced to the conclusion, that this is an unliquidated claim and is barred by the Statute of Limitations requiring claims of this character to be filed within two years from the time such claims may have arisen, and the claim is therefore denied.

However, in view of the circumstances in this case, which incline us to the firm belief, that the claimant should be remunerated to the extent of its claim, our refusal to make an award in this Court does not preclude it from seeking a recovery from the legislature.